## Pennsylvania Railroad Company *versus* Horst.

A train of cars, at the intersection of the railroad with a turnpike sixty feet in width, was cut in two and about twenty or twenty-five feet of space left in the middle of the turnpike between the sections of the train for the passage of vehicles. Plaintiff before crossing the railroad stopped his horse and wagon, but being beckoned to come on by a train-hand, drove on, and while between the cars a noise was made on or about the train resembling the putting on of brakes which frightened the horse who became unmanageable, and plaintiff's wife was thrown from the wagon and injured. In an action to recover damages : *Held*,

(1.) That the question of negligence was properly submitted to the jury.

(2.) That under the circumstances the train had no right to occupy said portion of the crossing.

May 21st, 1885. Before MERCUR, C. J., GORDON, TRUNKEY, GREEN, and CLARK, JJ. PAXSON and STERRETT, JJ., absent.

ERROR to the Court of Common Pleas of *Lancaster county :* Of January Term 1885, No. 86.

This was an action of trespass on the case by Samuel Horst against the Pennsylvania Railroad Company to recover damages for injuries to his wife, alleged to have been caused by the negligence of defendant. Plea, not guilty.

On the trial, before PATTERSON, J., the following facts appeared : On the morning of July 23d, 1881, plaintiff with his wife and daughter started for the market at Lancaster, in a one horse wagon. He went by way of the Harrisburg turnpike which crosses at grade the defendant's road from Columbia (connecting with the main line at Dillerville) about one quarter of a mile from Dillerville, and about one mile from Lancaster. At this crossing, which is sixty feet wide, there was a freight train cut open and a gap of twenty or twenty-five feet made to allow persons and teams to cross the railroad. Plaintiff testified that he stopped before crossing and being beckoned to come on by a train-hand on the train, drove on, and while on the track there was a rattling noise, resembling the putting on of the brakes, made on or about the train, although no one knew how or by whom it was made, which caused the horse to take fright and run away; plaintiff's efforts to control him were unavailing: the right hand rein parted where the round and flat parts joined and the pull on the remaining rein caused the horse to turn to the left where there was an embankment; the wagon was upset and broken, its occupants thrown out and plaintiff's wife injured.

The plaintiff presented the following points :—

[Pennsylvania Railroad Co. v. Horst.]

1. If the jury believe that the horse driven by the plaintiff was gentle, and that the plaintiff stopped at a reasonable distance from the railroad, and that after he had stopped he was instructed to advance by one of the employees of the railroad company, and that by reason of such instructions he drove upon the track, and that when his horse and wagon were immediately between the cars there was a noise or rattling on or about the cars, like the putting on or taking off the brakes, or the stretching or relaxing of the couplings, which frightened the horse and caused the accident in question, then their verdict must be for the plaintiff.

Answer. Yes. (First assignment of error.)

2. No one is chargeable with negligence who has acted upon his best judgment, or who, not having time for reflection or judgment, has failed to act. Such act or omission may be a mistake, but it is not negligence. If, therefore, the jury believe that when the plaintiff advanced upon the railroad track, in obedience to the instructions from the employee to advance, he acted upon his best judgment under the circumstances, he was not guilty of contributory negligence, and their verdict must be for the plaintiff.

Answer. Yes, we affirm that. (Second assignment of error.)

3. One who acts in obedience to the instructions of an officer of the road, cannot be held guilty of contributory negligence.

Answer. This is affirmed. (Third assignment of error.)

4. Unless the jury are satisfied by affirmative proof that the plaintiff did not use care, the defendant is liable for the consequence of his injury, and their verdict must be for the plaintiff.

Answer. Yes. (Fourth assignment of error.)

The defendant submitted the following points:—

1. In an action of this kind, the burden of proof is on the plaintiff. He must show a case clear of contributory negligence on his own part, and he must prove negligence on the part of the defendant, contributing to the injury. The defendant is presumed to be free from negligence.

Answer.—Yes; and the question of negligence is a question for the jury, unless there be undoubted evidence of clear contributory negligence by plaintiff, when the court must so pronounce it as a matter of law. Here we see no undoubted evidence of clear negligence. It is for the jury, therefore, to say whether there was negligence on the part of the plaintiff, and whether it contributed to the injury or not. (Fifth assignment of error.)

2. The cause of action averred in the narr. is, that by reason of negligence on the part of the defendant, " its cars then and

there struck each other with great violence, the brake rattled with great noise," and as neither of these allegations is proved, the plaintiff cannot recover.

Answer.—The proofs are for the jury; and it is their province to find, from all the evidence, what has been proven respecting the noise and the brake—whether the brake "rattled with great noise;" and if the jury so find, and find that it was by reason of negligence on the part of the defendant, the company, or its conductors or employees; and find that the rattling and noise frightened the horse, and caused the runaway, then we instruct you that sufficient of the averments contained in the plaintiff's narr. are proven to enable the plaintiff to recover—if, at the same time, you find that there was no contributory negligence on the part of the plaintiff. (Sixth assignment of error.)

3. The proof on the part of the plaintiff is that he had from twenty to twenty-five feet wide in the opening of the train and ample room to cross, and that the cars were standing still, and that other people were driving through the same opening, immediately after the plaintiff went through; therefore, the jury cannot be allowed to find that the crossing was unsafe or dangerous, or that the defendant was in any way negligent in respect thereto.

Answer.—The court declines to affirm that point as a legal proposition. It contains alleged facts principally, and the facts are for the jury. (Seventh assignment of error.)

4. It was *not* negligence, on the part of the defendant, for one of its employees to beckon the plaintiff to cross, when all the testimony on the part of the plaintiff is that there was ample room to cross, and that others did cross immediately after without injury.

Answer.—We decline to answer this point as a legal proposition. (Eighth assignment of error.)

5. There is no evidence that there was any noise unusual or unnecessary, or different from the ordinary noises incident to railroad trains, whether standing still or moving; and the testimony of the plaintiff and his wife is that there was no unusual noise about the train; and there being no other testimony as to what made any noise, there is no evidence of negligence by the defendant as to any noise made.

Answer.—This point contains a statement of alleged facts, and we can only say that all the facts are for the jury, and that it is the province of the jury to decide what the evidence in the case proves to their satisfaction. (Ninth assignment of error.)

6. The plaintiff having established, by his own testimony, that the cars were standing still when he approached the cross-

ing; that there was a gap or opening in the train 20 to 25 feet wide, for passage through, and that it was sufficient and ample and that others passed through immediately after the plaintiff without accident or injury; and that when on the crossing his horse frightened at something and ran, and the plaintiff pulling the lines, the right line broke by the wax-ends pulling out or apart, and by the left line the horse was pulled over a bank into the summer road, and the wagon was upset, and that there was no unusual noise about the train, the plaintiff has shown no cause of action, and the verdict must be for the defendant.

Answer.—The court declines to answer this point in the affirmative, it being a statement of alleged facts, and no legal proposition. The jury will find what the facts were from the evidence. (Tenth assignment of error.)

7. Under all the evidence in the case, the verdict must be for the defendant.

Answer. We decline to affirm this point. (Eleventh assignment of error.)

In its charge the court said *inter alia* as follows:—

Here, under the evidence, showing how the train was cut, and showing the space left to pass through, we will leave it as a question of fact for the jury to say, under the evidence, whether or not this crossing of this public road, the turnpike, was blocked up by the locomotives or cars of the railroad company. (Twelfth assignment of error.)

In this case, if you find from the evidence that the plaintiff stopped on the pike, back a distance from where the train of cars crossed the pike, and find that the agent or the conductor called or beckoned to Mr. Horst to cross the track *improvidently*, the defendant, the company, would be liable. (Thirteenth assignment of error.)

Verdict for the plaintiff for $500 and judgment thereon. Whereupon the defendant took this writ assigning for error the answers of the court to plaintiff's and defendant's points and the portions of the charge quoted above.

*H. M. North* (with whom was *E. D. North*), for plaintiff in error.—If the cars obstructed the road it was contributory negligence to cross it: Rauch v. Lloyd, 7 Casey, 358; Railroad Co. v. Kelly, Id., 372. There was no evidence to prove the stopping of the train to have been unnecessary. The invitation to cross has nothing to do with the injury. If reckless exposure is the result of following such direction the plaintiff is negligent; permission given to do a dangerous act does not relieve the injured person from responsibility for its consequences: Pierce on Railroads, pp. 329, 330. Negligence is not established if it be proved a noise was made. The right

to operate a railroad includes the right to make the noises incident to such operation : 6 Am. & Eng. R. R. Cas., 49, note 50; Drayton *v*. Railroad Co., 10 W. N. C., 55.

*D. G. Eshleman* and *B. Frank Eshleman*, for defendant in error.—Plaintiff was not guilty of contributory negligence. The burden is on defendant to disprove carelessness : Penna. R. R. Co. *v.* Weber, 26 P. F. S., 157; Penna. Canal Co. *v.* Bentley, 16 Id., 30; Mallory *v.* Griffey, 4 Norris, 275; Railroad Co. *v.* Hagan, 11 Wright, 244; Weiss *v.* Railroad Co., 29 P. F. S., 387. The defendant had no right to stop its train on a public highway : Penna. R. R. Co. *v.* Kelly, 7 Casey, 372. One who acts in accordance with the instructions of the agent of a railroad company cannot be held guilty of contributory negligence : Allegheny Valley Railroad Co. *v.* Findley, 4 W. N. C., 438. The right to operate a railroad does not include the right to stand a train across a public highway, and then allow a traveller to pass through a gap made in the train and while he is in the gap make a noise by which his horse is frightened.

Mr. Justice GORDON delivered the opinion of the court, October 5th, 1885.

As there is no evidence that the plaintiff contributed in any degree to the accident which is the subject of this suit, the only matter which the case presents for consideration is, whether the evidence produced by the plaintiff justified the court in submitting to the jury the question of the defendant's negligence. That is, whether the proofs established any default on part of the railroad company's servants.

If there were such proofs, we can see nothing in the exceptions on part of the defendant which should induce us to reverse the court below; on the other hand, if the testimony fails to establish such negligence, the case ought not to have been submitted except under instructions that the plaintiff could not recover. It does not matter that the proof of negligence may have been slight, if it exceeded a mere scintilla, for in that case it was properly sent to the jury, and the only remedy for the defendant was an application to the court below for a new trial. Under such circumstances we can grant no relief, and the verdict must stand. Was there, then, in this case, evidence that the accident complained of was produced by the company's default? We think there was. To start with, the train was in a bad, and unlawful place. It had stopped on the crossing of a much frequented highway, and though before that crossing was reached by the plaintiff the train was cut, leaving an opening of twenty or twenty-five feet, still it occu-

[Pennsylvania Railroad Co. v. Horst.]

pied one half or two thirds of the turnpike road, which, under the circumstances, it had no right to do. The public was entitled to the whole of the road, and the defendant could not lawfully subject the plaintiff to the risk he must run in the unusual appearance presented to his horse by the position of the cars, and had the accident happened from this disposition of the train, the company would have been unquestionably liable. Of course, we must be understood to speak with reference to the facts of the case in hand; that there may be occasions when a train may, for a reasonable time, occupy part, or even the whole, of a public crossing, cannot be gainsaid, we only say that such occupancy was not justified by the circumstances here presented. Indeed, Horst says that he stopped and hesitated about passing the cut until he was beckoned on by one of the train hands. Having been thus invited to pass he had no reason to apprehend that anything would be done by the company's servants to alarm his horse. As he came up every thing was quiet, and there was no good reason why it should be otherwise, and if some one of the employees chose, just at the critical moment when the horse was between the cars, to shift the 'brakes, and thus cause the rattling spoken of, the jury might well find that this was the immediate cause of the accident. Whilst a railroad company must be allowed the free use of all its rights, yet those rights must be exercised with due regard to the welfare and safety of others: Pennsylvania Railroad Co. v. Barnett, 9 P. F. S., 259. It not only has the right, but it is its duty, to have the whistles of its locomotives blown upon all proper occasions, but not under a bridge over which a traveller is passing with his team. They have the right to blow off their engines through the mud valves, but not at a common crossing; they have a right to stop a locomotive, but not to the windward of a house in process of construction, and which may be burned by sparks issuing therefrom: Turnpike Co. v. The Railroad Co., 4 P. F. S., 345. All these things indicate negligence in the use of a right, and cannot be justified on the ground of the possession of such right, for it must also be used in a lawful manner.

In the present case, the right to screw up or release the car brakes is not denied, but whether this was done at a proper time and in a proper manner was a question of fact properly determinable by the jury. Negligence, where there is evidence involving it, is always for the jury, and, in this case, we cannot say there was no such evidence.

The judgment is affirmed.