# Cases

# FIFTH DEPARTMENT

AT

## GENERAL TERM,

### October, 1895.*

---

DANIEL HURLEY, as Administrator, etc., of GEORGE F. DEVER, Deceased, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Negligence — failure to use the best judgment in an emergency not contributory negligence.*

Upon the trial of an action brought to recover damages resulting from the death of the plaintiff's intestate caused through the alleged negligence of the defendant, a railroad corporation, it appeared that the deceased was driving a vehicle containing passengers upon a city street, running east and west, across the tracks of the defendant which crossed the street in a diagonal direction; that he first stopped upon a signal from a flagman to allow an engine to pass; that the flagman then signaled him to proceed and he went forward to the tracks of the defendant and was there struck by an engine belonging to the defendant and killed. It did not appear that any signal by bell or whistle was given to announce the approach of the train, and there was evidence that the deceased looked both ways before he attempted to cross. It further appeared that the engine of the train had a headlight, and that there were gates at the crossing, but that the gates were out of repair and a flagman was stationed at the place.

*Held,* that the questions of negligence and contributory negligence were properly submitted to the jury.

Some of the passengers in the vehicle saw the headlight of the approaching engine just as the horses were going upon the track and jumped out before the collision, but the deceased remained in the vehicle.

*Held,* that as he had been placed in a situation of emergency by the negligence of the railroad company, he was not responsible for a failure to use the best and most accurate judgment, which might seem best calculated to extricate himself from his perilous position.

---

* The other cases of this term will be found in volume 89 Hun.— [REP.

HUN — VOL. XC.     1

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 6th day of September, 1894, upon the verdict of a jury rendered after a trial at the Erie Circuit, and also from an order entered in said clerk's office on the 6th day of September, 1894, denying the defendant's motion for a new trial made upon a case and exceptions.

*James Fraser Gluck*, for the appellant.

*John Cuneen*, for the respondent.

BRADLEY, J.:

In the evening of November 19, 1891, the plaintiff's intestate while driving a carette on Seneca street, in the city of Buffalo, was killed by a train upon the defendant's road, which crossed the street diagonally in a northeasterly and southwesterly direction. The line of the street is nearly east and west. The deceased was driving east, and had passed over the tracks of the Western New York and Pennsylvania Railroad, and stopped between them and the tracks of the defendant's road, for an engine moving westerly to pass, and after it had passed he drove forward on to the track of the defendant, and his vehicle was struck by a train going northeasterly on the defendant's road, causing his death. The inference was warranted by the evidence that no signal by bell or whistle was given of the approach of the train. The jury were permitted to find that the defendant was chargeable with negligence. The burden was with the plaintiff to prove that his intestate was free from contributory negligence. There was evidence tending to prove that he looked both ways to see whether he could safely cross the track before he drove upon it. The engine of the train had a headlight, and while it does not very clearly appear that he could not have seen it if he had carefully and continuously looked, there is evidence of circumstances which may reasonably have led him to suppose that he could safely cross when he sought to do so, until he had so far proceeded as to relieve him from the imputation of negligence in entering upon the track. The street is a business one ; it is crossed by the Western New York and Pennsylvania Railroad tracks westerly of and parallel with those of the defendant. The gates at the crossing were and had been for two or three days out of repair, and

not operated, and a flagman was stationed there.  The evidence on the part of the plaintiff is to the effect that when the deceased had driven across the tracks of the Western New York and Pennsylvania Railroad, the flagman gave a signal for him to stop, which he did between it and that of defendant, and that immmediately after the engine going west passed, the flagman gave a signal for him to proceed, and he did so with the unfortunate result.  The signal to proceed may be deemed to have been something of an invitation to the deceased to go forward, and such assurance as it could furnish that it was safe to do so.

Three passengers in the carette saw the headlight of the approaching engine just as the horses were going upon the track, and jumped from the vehicle before the collision, two of them without and the other with some personal injury occasioned by it.  The plaintiff's intestate, having charge of the team, did not abandon the carette. It is evident that he was in a position to see the train momentarily, as did the passengers, before the collision.  But at the time his situation was an emergent one ; he had so far proceeded that his position was perilous, and he may not have used the best judgment for his personal safety.  He probably might, by the abandonment of his rig, have jumped from the carette and saved himself.  But the conclusion was permitted that the emergency in which he was placed by the negligence of the defendant was such that he was not responsible for failure to use the best and most accurate judgment which may seem to have been available to extricate himself from his perilous position.  ( *Voak* v. *N. C. Ry. Co.,* 75 N. Y. 320 ; *Twomley* v. *C. P. N. & E. R. R. Co.,* 69 id. 158 ; *Dyer* v. *Erie Ry. Co.,* 71 id. 228 ; *Roll* v. *N. C. Ry. Co.,* 15 Hun, 496 ; 80 N. Y. 647.)

The questions of negligence on the part of the defendant and of contributory negligence on the part of the plaintiff's intestate were those of fact upon the evidence, and were fairly submitted by the learned trial court to the jury, and it is not seen that the questions arising upon the conflict of the evidence were not properly disposed of by the verdict.

None of the exceptions were well taken.

The judgment and order should be affirmed.

DAVY, WARD and LEWIS, JJ., concurred.

Judgment and order affirmed.