95   453
f98  304
98   307

## Richmond.

### SOUTHERN RAILWAY COMPANY v. TORIAN.

#### DECEMBER 16, 1897.

#### Absent, Riely and Cardwell, JJ.

1. RAILROADS—*Public Crossings—Rights of Company and of the Public— Use of Signals—Fright of Horses.*—At public crossings the rights of a railroad company and of persons on the highway are mutual, co-extensive, and reciprocal, qualified only by the prior right of way of moving trains. The authority to operate a railroad includes the right to make the noises incident to the moving and working of trains, and also to sound whistles and ring bells in giving the usual and proper admonitions of danger in moving trains. If these rights are exercised in a lawful and reasonable manner the company is not liable for injuries inflicted in consequence of horses taking fright at such noises.

2. RAILROADS—*Use of Signals—Reasonable and Proper Use—Question for Jury.*—In the absence of statutory regulations a railroad company is limited to a reasonable use of its signals, but what is such reasonable use is a question for the jury under proper instructions from the court. The company is liable for injuries inflicted in consequence of sounding its whistle in a careless or reckless manner, or at an improper place, and, in case of conflict of testimony, it is a question to be determined by a jury, whose verdict should not be disturbed. Negligence is always a question for the jury when there is any doubt as to the facts, or the inference to be drawn from them.

Error to a judgment of the Circuit Court of Halifax county rendered April 6, 1896, in an' action of trepass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

There was a verdict and judgment for the plaintiff for the sum of $500. To that judgment this writ of error was awarded.

The opinion states the case.

*B. B. Munford* and *Wood Bouldin Jr.*, for the plaintiff in error.

*Wm. Leigh, Wm. R. Barksdale,* and *W. P. Barksdale,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

In this action brought to recover damages for personal injuries, there was a verdict in favor of the defendant in error, and the only bill of exceptions is to the refusal of the court to set aside the verdict as contrary to the law and the evidence. In determining whether or not this was error, the testimony must be regarded, in this court, as if upon a demurrer to the evidence.

The question presented involves the liability of the plaintiff in error to respond in damages to the defendant in error for frightening his horse by sounding its locomotive whistle, and thereby causing him injury.

The accident occurred in or near the town of South Boston where the railway of the plaintiff in error crosses a street or road which is one of the established highways in Halifax county, and is constantly used by large numbers of persons. On the occasion of the accident one of the locomotives of the plaintiff in error had stopped immediately at, if not in, the highway to take water, oil up, and receive orders. While the engine was standing in this position the defendant in error passed along the highway in his buggy, and when in the act of crossing the tract immediately in front of the engine and a few feet from it, the whistle was sounded, frightening the horse, causing it to dash off and upset the buggy, in consequence of which the injuries complained of were sustained.

At public crossings the rights of the railroad company and persons upon the highway are mutual, co-extensive, and reciprocal, qualified only by the prior right of way of a moving train. It is well settled that the authority to operate a rail-

road includes the right to make the noises incident to the movement and working of its engines, as in the escape of steam and the rattling of cars; and also the right, in managing its trains, and in giving the usual and proper admonitions of danger, to sound its whistles and ring its bells. It is, therefore, not liable, while exercising its rights in a lawful and reasonable manner, for injuries occasioned by horses, when being driven upon the highway, taking fright at such noises.

The company is, however, in the absence of statutory regulations, limited to the reasonable use of signals, and what is such reasonable use is a question for the jury, subject to the instructions of the court. It is liable for injuries caused by the whistle, when sounded carelessly or recklessly, or at an improper place, or when not required in the prudent working of its engines and trains. This has been held when it was sounded under a bridge or very near a highway crossing. Pierce on Railroads, p. 348; Wharton on Negligence, sec. 836; *Petersburg R. Co.* v. *Hite,* 81 Va. 767.

The sole question in the case at bar is whether or not the plaintiff in error was negligent in sounding its whistle at the time and place it did. Upon that question the evidence was conflicting. Negligence is always a question for the jury when there is any doubt as to the facts, or the inferences to be drawn from them. The evidence was submitted to the jury with instructions from the court expounding the law of the case which were not excepted to by either side. It has been carefully considered by this court, and the conclusion reached that it was quite sufficient to sustain the verdict of the jury.

The judgment of the Circuit Court must be affirmed.

*Affirmed.*