LOUIS MAY, ADMINISTRATOR OF ELLEN MAY, DECEASED, v. THE WEST JERSEY AND SEASHORE RAILROAD COMPANY AND THE ATLANTIC CITY RAILROAD COMPANY.

Submitted March 28, 1898—Decided June 13, 1898.

1. In an action under the Death act (*Gen. Stat.*, p. 1188), where it is contended that the advice and counsel of the deceased to the next of kin is an element of damage, it must be shown by the facts and circumstances that such advice and counsel would relate to the pecuniary affairs of the next of kin, and that such advice and counsel would probably result in a pecuniary benefit, and that by the deprivation of such advice and counsel a pecuniary injury would accrue.

2. The services of a wife in her husband's household, in the ordinary work thereof, or in aiding and assisting him in his occupation, are due and belong to the husband, and her continual services during the life of her husband cannot be a pecuniary benefit to the next of kin, and the deprivation of such services cannot be a pecuniary injury nor afford ground of recovery of damages under the Death act of this state. Whether such services after the death of her husband would be a pecuniary benefit to the next of kin is a question too remote to be considered by the jury as a basis of a verdict of damages under such act.

On rule to show cause why the verdict should not be set aside.

Before Justices LIPPINCOTT, LUDLOW and GUMMERE.

For the plaintiff, *Howard Carrow.*

For the defendants, *Joseph H. Gaskill* and *Joseph Thompson.*

The opinion of the court was delivered by

LIPPINCOTT, J.    Ellen May, the wife of Louis May, the plaintiff, was killed on July 30th, 1896, in a collision between the trains of the defendant companies.   Her husband, as her administrator, sues the defendants under the Death act of this state (*Gen. Stat.*, *p.* 1188), to recover damages for her two surviving children as her next of kin.

The cause was tried at the Salem Circuit, at the January Term, 1898.

The liability for the accident and for damages, if any accrued to the next of kin, was conceded at the trial.   The next of kin of the deceased were an unmarried son about seventeen years of age, who resided with his parents, and a married son of adult age, who lived with his wife, apart from his parents.   The verdict of the jury was for $5,000.

It is now contended by the defendants, on this rule to show cause, that this verdict is excessive, in that no such pecuniary benefit could ever have accrued to her sons, as her next of kin, by the continuance of her life, and that it should be set aside.

Several exceptions were taken by the defendants to the admission of evidence and to the charge of the learned trial court, but the question of excessive damages is the only question considered.

The plaintiff, as her husband, is not entitled under the statute to any damages for the loss of pecuniary benefits which might arise to him by the continuance of the life of his wife. *Grosso* v. *Delaware, Lackawanna and Western Railroad Co.,* 21 *Vroom* 317 ; *Meyers* v. *Holborn,* 29 *Id.* 173.

At the time of her death the deceased was fifty-one years of age. She was engaged in no business or occupation in her own behalf, separate from her husband. He was a small farmer, and her occupation for him and his family consisted wholly in the performance of the ordinary household services for her husband and son who lived with his parents. At certain seasons of the year and at certain times, she also assisted her husband in the lighter forms of outdoor work in the field, and in picking berries in season. These services all were due to her husband in the household and in assistance to him in other forms of labor. They could only be a benefit incidentally to her next of kin, as they were a benefit to her husband, and these are not services to the next of kin, the deprivation of which by her death would result, under the statute, in pecuniary injury to them.

During the life of the husband these services and the pecuniary benefits arising from them belonged to him, and whether, if it had not been for the accident, she might have outlived her husband, and her services become a pecuniary benefit to her sons, seems to me a question of too remote bearing to be a subject of consideration by the jury as an element of damage. Her beneficiary was the one entitled at the time of her death, and the contingency of who, by the happening of some other event which might never happen, become entitled, is entirely too remote to be a subject of consideration in fixing the pecuniary benefits of which her next of kin was deprived by her death.

There was some evidence of some slight and sporadic ser-

vices rendered by her, presumably with the consent of her husband, to her married son during the confinement of his wife on two or three occasions. Also some services rendered to him upon occasions of house cleanings, hog killings and chicken pickings, but the testimony shows that this son was a very small farmer and lived in quite a small house, and the evidence, when examined, clearly reveals that these services were only those rendered in a mere feeling of anxiety and care for the welfare of the son and his family, and if they had never been rendered, the outlay on his part, because of the want of such services, would have been inconsiderable. It will be seen that her labors and cares in her own household were such as to prevent her giving her services to any considerable extent to her married son and his family, and the deprivation to this son of such services, while it was an element of damage to be considered by the jury, would justify only a very moderate sum to be included in the verdict as pecuniary injury.

The only other element of damage insisted upon is the deprivation, by her death, of her counsel and advice to her sons. The deceased was an estimable woman, very useful to her husband and family in his household and as a kind wife and mother, but she is not shown to have had any particular business ability or fitness to advise and counsel in business affairs, and certainly it should be shown by the situation, facts and circumstances that her advice and counsel would have been of pecuniary benefit to her sons, the deprivation of which would naturally lead to pecuniary injury. She is not shown to have even advised them or consulted them in such a manner, and there is not a scrap of evidence to show that she would or could ever do so in the future if she had lived. This is a matter which was considered in *Demarest* v. *Little*, 18 *Vroom* 28, and the principle there established, applied to the facts of this case, leads irresistibly to conclude that this matter could not be made an element of damage to any extent whatever.

The accident which resulted in the death of the plaintiff's

wife and one son and an injury to a third son was a most deplorable one, and arouses the deepest sympathy and the tenderest feelings of human nature over his loss and the loss which the next of kin sustained, but neither mental anguish, sorrow of the husband or next of kin are elements of pecuniary injury in this action under the statute, and if they ever are to be considered as such by courts and juries it must be by legislative enactment.

The statute has restricted the recovery to pecuniary injury. It is the reasonable expectation of pecuniary benefit, of which the person in whose interest the action is brought has been deprived, that is recoverable in an action of this character. *Telfour* v. *Northern Railroad Co.*, 1 *Vroom* 188; *Kenny* v. *Central Railroad Co.*, 5 *Id.* 274; *Demarest* v. *Little, supra;* *Consolidated Traction Co.* v. *Hone*, 31 *Id.* 444; *Paulmier* v. *Erie Railroad Co.*, 5 *Id.* 151.

These principles of law were fully stated in the charge of the learned trial justice but entirely disregarded by the jury. The verdict, under the evidence, is so grossly excessive as to lead the court to the conclusion that it was the result of sympathy and feeling for the husband and next of kin or else the result of prejudice against the defendants.

Therefore, rule to show cause is made absolute and a new trial ordered.