# Coleman *v.* Pennsylvania Railroad Company.

*Negligence—Railroad—Crossings.*

In an action against a railroad company to recover damages for personal injuries sustained at a grade crossing, the case is for the jury where the evidence submitted by the plaintiff shows that the attempt to drive across the tracks was induced by a signal given by the flagman who on discovering his error gave the proper signal when too late to avoid the collision, and other evidence also offered by the plaintiff, although contradicted, showed that the bell was not rung, or the whistle blown on the approach of the train, and that the train was running at an unusual rate of speed.

Argued March 12, 1900.    Appeal, No. 132, Jan. T., 1899, by defendant, from judgment of C. P. Lycoming Co., Dec. T., 1897, No. 305, on verdict for plaintiff, in case of Peter Coleman v. Pennsylvania Railroad Company.    Before McCollum, Mitchell, Dean, Fell and Brown, JJ.    Affirmed.

Trespass for personal injuries.    Before Metzger, P. J.

At the trial it appeared that on October 19, 1896, plaintiff was riding in a dray by the invitation of the driver, and while crossing defendant's tracks at a public crossing the dray was struck by a train, and plaintiff was seriously injured.    The evidence for the plaintiff, although contradicted by that offered for the defendant, tended to show that no bell was rung and no whistle was blown at the crossing, and that the train was going at a very high rate of speed.    The evidence also showed that the watchman who had charge of the crossing gave a signal to the driver of the dray to cross, and that immediately afterwards upon discovering his error warned him back when it was too late to avoid the collision.

Defendant presented among others the following points:

1. As long as a railroad company makes it safe for the public to cross its road on a public highway, by gates, watchman, or other means, it may run its trains at any rate of speed over such crossing; and the rule is that a failure to stop, and look, and listen, is negligence of itself, whether safety gates are maintained at street crossings or not, and whether or not ordinances regulating the speed of approaching trains are observed by the railroad company.    *Answer:* Both the propositions contained in

that point are good law, but I am sorry they are thrown together in the way they are in the point. It makes it almost necessary for me in this case to negative it. For this case is a little different from any other case I have ever known, and hence, the latter part, in reference to stopping, looking and listening, I am hardly prepared to affirm only as a general proposition of law. We will affirm this point as a general proposition of law, but say to you, as far as the latter part is concerned, with reference to stopping, looking and listening, that in this case that rule could not be fully applied, because the party who was injured, if the evidence warrants it and you so find, may have been only a guest in that wagon and had no power or control over it whatever; and in addition to that, may have been, if the theory of the plaintiff is correct, misled and put off his guard by the act of the company, or its agent; so that that rule ought not to be applied, and cannot, in fact, be applied to a case of this kind. It could be if Mr. Hilscher was suing, and I would say at once he could not recover, but I do not see how you can apply that to a man who could not stop. At most, his duty would have been to request the driver to stop. That he could have done, and it is for you to say whether under all the evidence he ought not to have done that, and whether the failure, if you find he did not do it, together with the other circumstances in the case, are such that he ought not to be entitled to recover because he was guilty of negligence himself.

2. That as the evidence of the plaintiff shows that he knew the locality where the accident occurred well; that he had crossed the tracks frequently at that point; that he knew that a train was due at the time he crossed; that the team was approaching the railroad track at a fast trot; that he took no precaution; that he said nothing by way of warning to the driver, nor did he ask him to stop, or look, or listen, or permit him to get out; and as the danger was as obvious to him as to the driver and he made no effort to leap from the dray, the jury must render a verdict for the defendant. *Answer:* This point assumes the proof of a certain state of facts. The difficulty is that it assumes that certain facts are established by the evidence, and asks the court to pronounce those facts as the law. We cannot do that. What the facts are, as well as the inferences to be drawn from the facts, is for you, and not for the court. Now,

in the main, I have no doubt these facts are in evidence, and probably all of them. I have nothing to say about that. Still, I do not feel that the court can assume to say that these are the only facts and pronounce the law arising from them, when the very inference even to be drawn from the facts must be drawn by the jury. I would say to you, however, that if you find all the facts to be as stated in this point, that you would be justified then in inferring negligence on the part of the plaintiff, and render your verdict for the defendant, if you find all the facts to be as stated in this point.

Verdict and judgment for plaintiff for $4,000. Defendant appealed.

*Errors assigned* among others were (1, 2) above instructions, quoting them, and in not giving binding instructions for the defendant.

*Henry C. McCormick*, with him *Seth T. McCormick*, for appellant, cited Hess v. Williamsport, etc., R. R. Co., 181 Pa. 492, Floyd v. Phila. & Reading R. R. Co., 162 Pa. 29, and Dean v. Penn. R. Co., 129 Pa. 514.

*Addison Candor*, with him *C. Larue Munson*, for appellee, cited Davidson v. Lake Shore, etc., Ry. Co., 179 Pa. 227, Fennell v. Harris et al., 184 Pa. 578, Matthews v. Phila. & Reading R. R. Co., 161 Pa. 28, Roberts v. Del. & Hudson Canal Co., 177 Pa. 183, Glushing v. Sharp, 96 N. Y. 676, Chicago & N. W. Ry. Co. v. Prescott, 59 Fed. Repr. 237, and Eddy v. Powell, 49 Fed. Repr. 814.

PER CURIAM, April 30, 1900:

It was claimed on this appeal that the court below erred in submitting to the jury the question whether there was negligence on the part of the defendant and in refusing to charge the jury that there was such contributory negligence on the part of the plaintiff as would prevent a recovery. It must be conceded that error in either of the rulings complained of would defeat the plaintiff's suit. But we are not convinced of error in either of them. The evidence submitted by the plaintiff showed that

the attempt to drive across the tracks was induced by the signal given by the flagmam who on discovering his error gave the proper signal when too late to avoid the collision. The evidence submitted by the plaintiff also showed that the bell was not rung or the whistle blown on the approach of the train and that it was running at an unusual rate of speed. This evidence was contradicted by the evidence submitted by the defendant. The questions of negligence were clearly for the determination of the jury upon all the evidence in the case. The defendant has no reason to complain of the charge. It is an adequate and fair presentation of the case and furnishes no valid ground for a reversal of the judgment. All the specifications of error are dismissed.

Judgment affirmed.