JOSEPH W. JOHNSTON AND PHOEBE A. JOHNSTON, HIS WIFE, v. THE NEW YORK AND LONG BRANCH RAILROAD COMPANY.

Submitted July 6, 1900—Decided November 12, 1900.

1. It is a question of fact for the jury whether the maintenance by the defendant of a mechanical contrivance in a public highway, and the sudden raising of a red flag thereby, without warning of any kind, thus frightening the plaintiffs' horse and causing an accident which results in the injury complained of, is a negligent act which is the proximate cause of the injury.

2. The charge of the court that the jury might, in fixing the damages of the wife, consider the remote possibility of her husband's death and in the event thereof the possible loss to her in her earning power thereafter, was error, but in view of the reasonableness of the damages awarded in the case, considering the character of the injuries to the wife and the evident lack of harm to the defendant arising from the erroneous instruction, the verdict should not be set aside. Harmless error is not a ground for reversal.

---

In tort. On rule to show cause.

Before DEPUE, CHIEF JUSTICE, and Justices GUMMERE, LUDLOW and FORT.

For the plaintiffs, *Edmund Wilson.*

For the defendant, *Applegate & Hope.*

The opinion of the court was delivered by

FORT, J. This was a joint action by a husband and wife for injuries to the wife, and for loss of her services to the

husband and for injuries to the husband personally, all aris-
ing out of the same accident. This joinder of parties and
claims in one suit is sustained in *Ackerman* v. *North Jersey
Street Railway Co., ante p.* 369.

The case is here on rule to show cause, and numerous
reasons are alleged for making the rule absolute. A careful
examination of all the grounds fails to sustain any of them.
The plaintiffs were riding in their carriage upon a public
highway known as the Wolf Hill road, in the county of Mon-
mouth, the carriage being drawn by a well-broken and gentle
horse, which the husband was driving.

Wolf Hill road and Goose Neck road both cross the tracks
of the defendant company within a few hundred feet of one
another and they cross each other at a point about two hun-
dred feet from the tracks. The railroad right of way and
the two highways form a triangle of which the railroad is
the base. In the highway, at the apex of the triangle, a me-
chanical contrivance for raising a red flag has been placed
by the defendant. This flag when raised warns the drivers
of approaching vehicles against the approach of a train upon
the track. The flag is raised by a man in a flag-house by the
use of a lever attached to a wire, which wire is also attached
to the staff upon which the flag is, the wire passing in its
course around certain wheels whereby the staff upon which
the flag is is quickly raised upright by the use of the lever by
the man in the flag-house.

There was no controversy in the case about the mechanical
construction, or that the staff and flag were within the lines
of the public highway.

On the day of the accident the plaintiffs were coming along
the Wolf Hill road approaching the point where it crossed
the Goose Neck road on the way to cross the tracks of the
defendant. They had seen a freight engine some two thou-
sand feet away, standing or drilling, and after stopping and
considering, concluded that they had time to pass over safely,
and started to do so and when within about twenty-five feet
of the place where the mechanical contrivance for raising the
flag was, the man at the lever suddenly, with great rapidity,

like lightning, as the witness expressed it, raised the staff and flag in front of the horse and so frightened him that he shied and turned suddenly to the right into Goose Neck road and overturned the carriage and threw the plaintiffs out and seriously injured them. It was in evidence that the man at the lever cannot see from the flag-house the condition of things upon the road at the point where the flag is raised, when he is in the act of raising it.

A nonsuit was asked for and one of the reasons for a new trial is because it was refused. It was rightly refused. It was a question for the jury whether the maintaining of this mechanical contrivance in the highway, the common property of all the people, and the sudden raising of the flag without warning, and the frightening of the plaintiffs' horse thereby, was a negligent act which was the proximate cause of the injury. *McCann* v. *Consolidated Traction Co.,* 30 *Vroom* 481.

The rulings of the court on the admissions of evidence and its refusal to direct a verdict for the defendant were also without legal error.

The chief reliance for reversal in the case is upon the following statement of the trial judge in his charge, as one of the elements which might be taken into account by the jury in the ascertainment of the damages to be recovered by the wife, viz. :

"Damages are recoverable, if at all, as to her, for the pain and suffering she has sustained until now, and in your judgment will sustain, and for any result of the injury, if it is permanent, in the lessening of her ability to enjoy life, and if she was or would be in a position to earn money, then the diminishing of her earning power. A wife's earnings ordinarily belong to her husband, and this is a married woman, and it is only on the remote possibility of her husband's death that you will take into account any loss in her earning capacity."

We are unable to discover any authority to sustain the trial court in leaving to the jury the right to consider the possible loss of earning power of the wife in case of the

death of the husband in fixing her damages. Such a contingency is too remote to be more than speculative, and speculation is not a right method of fixing damages in an action of tort. *May* v. *West Jersey Railroad Co.*, 33 *Vroom* 63.

While we disapprove of this part of the charge we nevertheless do not think that under the evidence and the whole charge in the case it justifies the setting aside of the verdict and granting a new trial.

The verdict for the wife was not excessive—it was unusually reasonable and fair considering the character of her injuries. Nor were the damages allowed to the husband for his own injuries and the loss of services, present and prospective, of his wife, and his actual expenses, as proven, excessive. The verdict was a very reasonable one under the evidence.

There is nothing in the case, therefore, to show that the element of damages suggested by the court as a possible one for the jury to consider was given by them any importance in fixing the damages, and it does not appear to have been other than a harmless error for which the verdict should not be set aside. *Whitaker, Receiver*, v. *Miller*, 34 *Vroom* 587.

The rule to show cause must be discharged, with costs.