ISIDORE GOTTLIEB, ADMINISTRATOR, DEFENDANT IN ERROR, v. NORTH JERSEY STREET RAILWAY COM-PANY, PLAINTIFF IN ERROR.

Submitted February 24, 1904—Decided November 7, 1904.

1. An action for the death of a wife who leaves a husband and children surviving her, cannot be maintained under the Death act. *Gen. Stat.,* p. 1118.
2. The case of *May* v. *West Jersey Railroad Co.,* 33 *Vroom* 63, explained.

On error to the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, GARRISON and SWAYZE.

For the plaintiff in error, *Chauncey G. Parker*.

For the defendant in error, *Samuel* and *Leonard Kalisch*.

The opinion of the court was delivered by

GARRISON, J.   This action was brought under the Death act (*Gen. Stat., p.* 1118) by an administrator who is the husband of the deceased, who left surviving her, as her next of kin, one son.   The action can be maintained only when there is in existence a person for whose benefit it is given. *Cooper* v. *Shore Electric Co.,* 34 *Vroom* 558, 565.

Neither the husband nor the son occupies this position.   The husband does not because he is not next of kin.   *Grosso* v. *Delaware, Lackawanna and Western Railroad Co.,* 21 *Vroom* 317; *Myers* v. *Holborn,* 29 *Id.* 193.

The son does not because, although next of kin, he would not take in case of intestacy, which is the test provided by the statute.   The father would do that by a common law rule that has not been altered in this state by statute.

The case of *May* v. *West Jersey Railroad Co.,* 33 *Vroom* 63, relied upon as an authority for the right to maintain this suit, is not an authority on this point.   That was a rule to show cause in this court in which a verdict that had been recovered on the basis of the benefit accruing to the children of a deceased wife was set aside on the merits of the case. It is true that in that case the husband was living, and that it was admitted that he had not the legal interest necessary to maintain the action.   Whether his right as administrator to maintain the action for the benefit of the children was conceded or assumed, or merely overlooked, does not appear from the opinion of Mr. Justice Lippincott, but an examination of that opinion will show that it was not decided.   On the point now presented for decision, that case has not the force of an adjudication.   The judgment must be reversed.