### 10176. LOUISVILLE & NASHVILLE RAILROAD Co. v. TATUM.

BLOODWORTH, J. 1. The declaration as amended set out a cause of action. Tatum *v.* Louisville & Nashville Railroad Co., 253 Fed. 898.

2. The court did not err in any of the rulings on the pleadings.

3. When considered in connection with all of the facts of the case and in the light of the entire charge of the court, there is no error in the instruction complained of.

4. The declaration as amended was supported by evidence.

> Judgment affirmed. Broyles, P. J., and Stephens, J., concur.
>
> DECIDED MAY 7, 1919.

Action for damages; from Bartow superior court—Judge Tarver. September 7, 1918.

1-2. In a collision with a train at Main-street crossing in Cartersville the plaintiff's horse was killed and his buggy destroyed. This suit was for the loss of his property. The case referred to in the decision (253 Fed. 898) was a suit for personal injuries to his son, who was driving the buggy. His petition alleged: (4) As his son drove the horse and buggy down Main street the horse took fright at an automobile and began to run towards the railroad crossing, and as the horse approached the crossing the defendant's flagman stationed at the crossing waved violently a red flag at the horse; which, in the horse's frightened condition, caused the horse to swerve towards the right. The horse, turning toward the right, caused the buggy to strike against a rock, which, in connection with the smoke coming from a passenger-train of the defendant (a car being between the horse and the train) and the fright of the horse generally, caused the horse to turn again to the left and run into Main street and run over the railroad street-grade crossing. (5) Had the flagman not waved his red flag at the horse when the horse was first attempting to go over the crossing, the horse would have made the crossing before the defendant's passenger-train reached it, as the train was then a sufficient distance south to have enabled the horse to pass over. (6) But with the time taken in the swerving of the horse to the right, striking the rock, and plunging again towards the left and getting into Main street, the train had approached much nearer the crossing. (7) The horse had gotten completely beyond the driver's control in its fright, and went over the crossing, and just as the horse reached the tracks on the crossing the defendant's north-bound train ran into the horse and buggy, demolishing them. (8) The injury was due to negligence of the defendant in the following particulars: The crossing was a public street-crossing in a city and well traveled, but the defendant negligently failed to obey the requirements of the blow-post law of Georgia and failed to blow the whistle or ring

the bell of the locomotive, and failed to begin checking at a point 400 yards away from the crossing and to continue checking until the crossing was reached, so as to be able to stop in time should any person or thing be on the crossing. (9) The defendant was negligent in that the engineer failed to keep a proper lookout ahead and was negligently running at a speed of from thirty to forty miles per hour. (10) The defendant was negligent in that the engineer and crew of the train violated a valid municipal ordinance of Cartersville (set out) which provides that it shall be unlawful to run a train over the Main-street crossing or certain other crossings at a greater speed than six miles an hour. The defendant violated this ordinance in the speed of the train. (11) Notwithstanding the fact that the horse was running away and beyond the plaintiff's control, the collision would not have occurred but for the criminal act of the defendant in violating the blow-post law and the ordinance as stated, and also in failing to exercise ordinary care, and in negligently running at a speed of thirty to forty miles an hour.

Demurrer was made on the ground that no cause of action was set forth; and special demurrer was made to the allegations of paragraph 4 as to the smoke from the train; to paragraphs 5 and 6, and to the paragraphs relating to non-compliance with the statute and the ordinance, the defendant contending that the averments failed to show that the statute and the ordinance were legal and binding on the defendant as to the particular crossing, and failed to show that they were not unconstitutional and void in that they were a direct burden upon the defendant's operation of its trains as an interstate carrier. The court overruled the demurrer except as to an allegation not stated above.

Amendment of the petition was allowed, over the objection that the amendment was not germane and set up a new cause of action. It states in substance that Main street, where the horse and buggy were approaching the railroad-crossing, was straight for 250 yards and the defendant's watchman at the crossing had a clear view of them for that distance. He could see the train more than a quarter of a mile away, and when he saw it the horse and buggy were more than 150 feet away. His customary warning on the approach of trains or danger was to step to the center of the crossing and hold up and wave his large stop signal, but on this occasion he stood with the stop signal down by his side and not dis-

played,—the position which it was his custom to assume when the crossing was safe,—and gave no warning until the horse was within 25 to 30 feet of the main line of the railroad, when he suddenly sprang up in front of the horse, waved and displayed his huge stop signal with violent gestures and in such a manner as would ordinarily frighten any gentle horse, and did cause it to take fright and become uncontrollable, and it plunged to the right, and, going a distance of from 20 to 30 feet, struck a large boulder, then came back to the crossing, and, while on the crossing and going over it, was run into by the defendant's passenger-train coming from the south. When the plaintiff's son was driving toward the crossing his view in the direction from which the train was coming was shut off by buildings and box-cars. If he had been given timely warning he could easily have turned the horse into Public Square street which intersected with Main street 161 feet from the railroad crossing, or could have stopped the horse before reaching the railroad; the horse was under perfect control until it reached the place where the watchman frightened it. The watchman was negligent in allowing him to approach so near to the railroad before undertaking to warn him, and the fright of the horse was caused by the watchman's negligence in the method of communicating the warning. The horse was trotting when the watchman did this, the train was then 300 feet away, and the horse, if allowed to pass, could have crossed the track before the train reached the crossing, and ordinary care would have required that the watchman at that time should have allowed the horse to pass. The amendment concluded with the statement that the plaintiff "hereby strikes all the allegations in the original declaration which are inconsistent with this amendment." This concluding statement, however, the court struck on demurrer. Grounds of demurrer of a general nature were overruled.

3. The instruction referred to in the decision was as follows: "If the defendant company and its employees were violating the statutes in question, or the ordinance in question, but the injury and damage did not result solely because of such violations and as the proximate result of such violations, but if such violations contributed substantially to the injury or destruction of the plaintiff's property, and, together with the other alleged acts of negligence on the part of the defendant and its employees, specified in the petition,

were the producing and preponderating cause of the injury or destruction of the plaintiff's property, then the plaintiff might recover, provided, as I have stated, his son in charge of his property at that time could not by the exercise of ordinary care have avoided the consequences of the defendant company's negligence." It was contended that this instruction authorized a recovery on the allegations of negligence whether material or immaterial and whether proved or disproved, and it should have been restricted to material allegations sustained by evidence; and that the instruction was not authorized by evidence.

*Tye, Peeples & Tye, Neel, Findley & Neel, D. W. Blair,* for plaintiff in error, cited: As to proximate cause: 12 *Ga. App.* 289; Id. 125; 103 *Ga.* 848-850; 93 *Ga.* 253; 114 *Ga.* 761; 118 *Ga.* 676; 116 *Ga.* 171; 6 *Ga. App.* 306; 22 *Ga. App.* 554; 28 Cyc. 1414; 163 N. Y. Supp. 1071. Amendment on new theory and contradictory: 7 *Ga. App.* 313, 317; 147 *Ga.* 570 (4); 116 *Ga.* 325; 148 *Ga.* 429; 126 *Ga.* 463; 16 *Ga. App.* 5; Id. 745; 119 *Ga.* 835; 121 *Ga.* 38; 129 *Ga.* 388. Diligence of watchman with reference to horse: 21 *Ga. App.* 219. Tatum *v.* L. & R. Co., 253 Fed. 898 (supra), distinguished.

*Reuben R. Arnold, A. W. Fite,* contra, cited: On amendment: Civil Code (1910), § 5681; 87 *Ga.* 691; 78 *Ga.* 525, 530-1; 120 *Ga.* 785. Statute and ordinance as to speed, etc., as affecting interstate trains: 143 *Ga.* 237; s. c. 16 *Ga. App.* 504; s. c. 244 U. S. 310; 131 *Ga.* 287; 124 *Ga.* 1004; 160 Fed. 332; s. c. 217 U. S. 524; 141 U. S. 47; 177 U. S. 584; 20 *Ga. App.* 559. Rule as to allegations of negligence: 29 Cyc. 570; 122 *Ga.* 695. Negligence, question for jury: 29 Cyc. 630; 144 U. S. 408; 149 U. S. 43; 78 *Ga.* 525, 536; 79 *Ga.* 44; 82 *Ga.* 801, 807. Proximate cause: 94 U. S. 496; 1 Thomp. Neg. (2d ed.) § 161. Liability for fright of animal: 1 Thomp. Neg. (2d ed.) § 163; 2 Id. §§ 1911-12; 55 Me. 438; 66 Md. 149; 56 Mich. 430; 57 Mich. 589; 49 Minn. 245; 52 Minn. 79; 35 Neb. 867; 71 Hun, 431; 74 Hun, 198; 59 Pa. 259; 88 Pa. 405; 110 Pa. 226; 120 *Ga.* 683; 70 N. E. 183; 77 N. W. 1064; 78 S. W. 172; 38 Atl. 155; 46 Atl. 996; 53 N. W. 970; 65 N. J. L. 421 (47 Atl. 586); 43 Atl. 208; 42 S. W. 642; 25 Tex. Civ. App. 632 (60 S. W. 314); 107 Iowa, 287; 95 Va. 453 (28 S. E. 569). Watchman's negligence: 134 Ill. 586; 75 Iowa, 393; 155 Mass. 493 (29 N. E. 1148); 107 Mich. 516; 117 N. Y.

640; 88 Hun, 263; 90 Hun, 1; 65 Vt. 126; 45 Mo. App. 535; 55 N. J. L. 342; 42 Hun, 306; 112 N. Y. 234; 56 Hun, 648; 124 N. Y. 414; 59 Hun, 617; 61 Hun, 624; 69 N. H. 354; 66 N. J. L. 307; 67 N. J. L. 581; 78, N. Y. Supp. 653; 195 Pa. 485. Comparative negligence: Civil Code (1910), §§ 2781, 4426; 87 *Ga.* 675; 79 *Ga.* 44; 113 *Ga.* 708. ˙ Negligent operation of train made case for jury:˙ 60 *Ga.* 474; 68 *Ga.* 834; 18 S. W. 996. Liability where accidental fright of horse is primary cause of injury: 18 L. R. A. 750; 184 Ill. 487; 54 Kan. 98; 20 Wash. 586. Identical case: 253 Fed. 898.