LUCRETIA VOAK, Respondent, v. THE NORTHERN CENTRAL
RAILWAY COMPANY, Appellant.

The provision of the railroad act of 1854 (§ 7, chap. 282, Laws of 1854), requiring certain signals to be given upon railroad trains approaching highway crossings, was intended not only to protect persons lawfully using a highway from danger of collision at crossings, but also from danger arising from the fright of horses by passing trains.

One who, through his negligence, places another in peril cannot complain if the latter does not exercise the best judgment in extricating himself; all that is required of him is to do the best he can, and if he does this and fails the party placing him in peril is responsible.

Plaintiff was riding in a buggy upon a highway crossed by defendant's track, she herself driving. She was accustomed to drive and had a steady horse. She approached the track with great caution looking and listening for a train; a train approached the crossing without giving

the statutory warnings ; in consequence of obstructions plaintiff did not see its approach until she was within three rods of the crossing, she could not turn around, her horse became frightened and restive, she backed it about three rods, and at a loud blast of the whistle given at the crossing it turned around, and she was thrown from the buggy and injured. *Held*, that the jury were authorized to find, that if the warning had been given, she could and would have stopped in time to escape danger, and that because it was not given she was lured on, without any fault on her part, to a place of danger ; and that these facts authorized a verdict in her favor.

(Argued November 18, 1878 ; decided November 26, 1878.)

Appeal from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for injuries alleged to have been sustained by plaintiff at a railroad crossing, because of negligence on the part of defendant in omitting to give the statutory warnings from the engine of an approaching train.

The facts appear sufficiently in the opinion.

*Geo. M. Diven*, for appellant. Defendant had a right to sound its whistle in the lawful operation of its road, and when properly sounded is not liable for injuries occasioned by or to animals frightened thereby. (Wharton on Neg. [2d ed.], § 836; *Phil. R. R.* v. *Stinger*, 78 Penn., 219; *Flint* v. *R. R.*, 110 Mass., 222.)

*M. J. Sunderlin*, for respondent. The neglect to give the statutory signal was negligence on the part of defendant. (Laws 1854, chap. 282, § 7; *Renwick* v. *N. Y. C. R. R. Co.*, 36 N. Y., 132; *People* v. *N. Y. C. R. R. Co.*, 25 Barb., 199–203; *Harty* v. *Cent. R. R. Co. of N. J.*, 42 N. Y., 468, 471.) Plaintiff was not guilty of contributory negligence. (36 N. Y., 132; 25 Barb., 199; 42 N. Y., 471; *Beiseigel* v. *N. Y. C. and H. R. R. R. Co.*, 34 id., 622.) Defendant is liable for injuries occasioned by the fright of an animal at seeing a passing train when the statutory signals

are omitted and the traveler has no opportunity of placing his team in safety. (25 Barb., 199 ; 42 N. Y., 471; *Borst* v. *L. S. and M. So. R. Co.*, 4 Hun, 346; 66 N. Y., 639.) The question of contributory negligence was one for the jury. (*Weber* v. *N. Y. C. and H. R. R. R. Co.*, Ct. App., Oct. 6, 1876.) The question of negligence was properly submitted to the jury. (*Earnst* v. *H. R. R. R. Co.*, 35 N. Y., 9; 39 id., 61, 64, 65; 34 id., 622.)

Earl, J. By the Law of 1854, chapter 282, section 7, it is provided that where a railroad shall cross any traveled public road or street, on the same level with the railroad, the engine bell shall be rung, or whistle sounded, at least eighty rods from the crossing, and that the bell shall be kept ringing, or that the whistle shall be sounded at intervals until the engine shall have crossed the road, and for neglect to comply with these requirements the railroad company is made liable for all damage sustained by any person by reason of the neglect.

The purpose of this provision is the protection of persons actually crossing a railroad track, and also of persons approaching such a track. (*The People* v. *N. Y. C. R. R. Co.*, 25 Barb., 199; *Harty* v. *Cent. R. R. Co. of N. J.*, 42 N. Y., 471.) The warning is required to be given so that all persons lawfully using a public highway may keep out of the way of danger at railroad crossings ; danger not only from collision at the crossings, but also from the fright of horses by passing trains. The law makes it negligence not to give the warning, and then imposes a liability for all the damage which can properly be attributed to such negligence.

Here we must assume that the statutory warning was not given. Several witnesses swear that they were in a position to hear it if given, and that they paid attention, and did not hear it, and although the defendant furnished quite direct and positive evidence that it was given, it has always been held that in such cases there is a conflict of evidence which is to be settled by a jury. The defendant was therefore

guilty of negligence, and the only other question is whether this accident was occasioned solely by such negligence.

The jury were authorized to find that the plaintiff was free from negligence. She was riding in a buggy, she herself driving. She testified that she was accustomed to drive; that she had a steady horse, and that she approached the track with great circumspection, listening and looking for the train, and that in consequence of certain obstructions she did not see the train until she was within about three rods of the crossing. She was then in a place where she could not turn around; her horse became frightened and restive; she backed it about three rods, and then at a loud blast of the whistle for the first time given at the crossing, it turned around, and she was thrown out of the buggy and injured. It may be that she did not act with the best judgment after the peril was upon her, but she did the best she could, and that is all the law required of her. A party who places another in peril cannot complain if he does not exercise the best judgment in extricating himself from such peril. A party thus in peril must do the best he can to save himself, and if he fails, the party who placed him in peril must be held responsible. The jury in this case were authorized to find that if the warning had been given, the plaintiff could and would have stopped in time to escape danger, and that because it was not given, she was lured on, without any fault on her part, to the place of danger where she was injured. And these facts authorized their verdict.

There was no error in the charge of the judge, and the judgment must be affirmed.

All concur, except RAPALLO, J., absent; HAND, J., not voting.

Judgment affirmed.