Larremore, C. J.
The plaintiff sues to recover damages for the alleged negligence of the defendant in causing the death of her husband. He was engaged in shoveling coal upon a canal boat lying at the pier at the foot of Twenty-first street. Two ice-barges were being towed by the Cheney line and were shoved into the pier. They collided with the canal boat and caused the injury which resulted in Co wen’s death.
A full examination of the case leads to the conviction that a pure question of negligence upon conflicting evidence was presented for the consideration of the jury. The trial judge, in an able and impartial charge, submitted this question, together with that of contributory negligence, to the jury, who rendered a verdict against the appellant.
I find no errors either in the rulings, or the charge. The point raised upon the argument, that the deceased, by the exercise of proper precaution, might have avoided the injury, is not supported by the evidence. Where a person is placed, by the negligent act of others, in such a position that he is compelled to choose, upon the instant, in the face of impending peril, the fact that he has made a wrong choice, does not prove contributory negligence. Voak v. N. C. R. R. Co., 75 N. Y., 320; Twomley v. C. P. N. and E. R. R. R. Co., 69 id., 158; Dyer v. E. R. R. Co., 71 id., 228; Roll v. Northern C. R. Co., 15 Hun, 496; Aff’d Ct. of Appeals, 80 N. Y., 647; Coulter v. A. M. N. Ex. Co., 56 id., 585; Buel v. N. Y. Cen. R. R. Co., 31 id., 314.
The trial judge in his charge squarely presented to the jury the proposition of law upon which the appellant insisted, viz., that if the deceased saw the ice-barges coming against the boat he was on, in time for him, by the exercise of reasonable diligence, to withdraw to a place of safety, and he did not do so, he was guilty of negligence and the plaintiff could not recover.
The judge also charged that if the testimony, in regard to the negligence of the deceased, was -equally balanced, the verdict must be for the defendants.
*252 None of the exceptions at the trial appear to have been well taken. At folios 86 and 87 the answer to the question was not responsive, and was properly stricken out. The answer at folio 92 was negative in its character and could not have affected the result of the trial.
The question at folio 177, “Why were you excited, called for a reason—and operation of the witness’s mind— and not for evidence of any fact.
The exception at folio 262, as has been previously stated, was covered by the judge’s charge, which fully met the law as now established, upon the question of contributory negligence.
I am not prepared to say, after examination of all the testimony, that the damages awarded were excessive; or that any error appears of record for which the verdict of the jury should be disturbed.
The judgment appealed from should be affirmed, with costs.
Daly and Booicstaver, JJ., concur.