JAMES LYLE, Respondent, *v.* THE MANHATTAN RAILWAY Co., Appellants.

*Supreme Court, First Department, General Term, July* 9, 1889.

1. *Appeal. Refusal to Charge.*—Where the substance of a request to charge has already been charged, or where it does not cover, and is not conclusive of the point, a refusal to charge such request is not error.

2. *Same.*—Construction by the appellate court of a portion of the charge of the trial judge.

Appeal from a judgment entered upon a verdict, and from an order denying a motion for a new trial.

*Davies & Rapallo* (*Austen G. Fox*, of counsel), for appellant.

*Nelson Smith*, for respondent.

VAN BRUNT, P. J.—Most of the points raised upon this appeal are disposed of by the opinion of Mr. Justice BARRETT, in the case of Weiler v. Same, and decided herewith.

It seems to be only necessary to notice one or two points of difference upon which stress is laid by the learned counsel for the appellant.

It is urged that the court erred in charging the jury as follows : " The case is barren of any evidence upon the fact as to who opened the gate at the rear of the second car in which the plaintiff was ; there is no proof upon this point," it being urged that the evidence of the conductor, between this car and the following, was that the gate in question was opened by some of the passengers who desired to leave the car.

It seems to us that what the court intended to be understood by the remark which was made, to which exception has been taken, was that there was no evidence showing the identity of the person who opened the gate in question, which was entirely in accord with the testimony.   There is no evidence as to the person who opened this gate, and the brakeman does not state in his evidence who opened the gate at the northerly end of the second car.   He simply says that some of them (meaning the passengers) opened the gate at the northerly end of the second car, and that he did not open it.   It cannot be inferred from the language used in the connection in which we find it, neither could the jury have understood that the court intended to instruct them as to whether a brakeman or a passenger opened the gate in question.   We think that all that was intended to be conveyed by this statement was that

there was no evidence as to the identity of the person who opened the gate, and in this respect the court was entirely correct.

Our attention has been called to two requests to charge, which were refused. They are as follows: "That if the jury find as a fact that the proximate cause of the plaintiff's falling was a pressure from behind him caused by some one catching at the train after it has started, and being carried against the others in front, then the defendant is entitled to a verdict. The other is: "That if the jury find as a fact that the proximate cause of the plaintiff's fall was pushing by others behind him, causing him to lose his balance, then the defendant is entitled to a verdict."

There seems to have been no error in the refusal of the court to charge this proposition, in view of what the court had charged upon the question of the cause of the plaintiff's fall. The jury were instructed that if they found as a fact that the proximate cause was pushing from behind, and the jury was unable to determine what was the proximate cause of the pushing, that the defendant was entitled to a verdict.

They were also instructed that if the jury found that the sole cause of the plaintiff's fall was the pushing of others from behind causing him to lose his balance, that then the defendant was entitled to a verdict. And also, that if the jury found that the sole cause was pushing by others from behind, and the jury were unable to determine what was the proximate cause of the pushing, that the defendant was entitled to a verdict.

Here the jury were distinctly instructed that if the sole cause of the plaintiff's falling was the pushing from behind, whereby he was caused to lose his balance, then the defendant was entitled to a verdict.

This seems to have been as favorable an instruction as the defendant could possibly claim, because there was evidence in the case from which the jury might find that although

there was a pushing from behind, yet still.that the pushing from the front also was a cause of the plaintiff's fall, which pushing was occasioned by the efforts of the people who were in front of the engine to get back upon the sidewalk, upon which the plaintiff was.

It is clear that if this pushing from in front was one of the contributing causes to the happening of the accident, as shown in the opinion referred to, the defendant would be responsible, because it was shown that such pushing was caused by the negligence of the engineer in moving his train while there were people on the track who could not get out of the way of the train in any other way,

We think, therefore, that the judgment should be affirmed, with costs.

DANIELS and BARTLETT, JJ., concur.