SNELLING v. BROOKLYN & N. Y. FERRY CO.

(Supreme Court, General Term, Second Department. February 11, 1891.)

1. INJURIES TO PASSENGERS—EVIDENCE—QUESTION FOR JURY.
   While defendant's ferry-boat, on which plaintiff was a passenger, was attempting to enter its slip, it struck the side. After the boat struck, plaintiff rose from his seat, when it struck again, causing him to fall, and break his leg. Several witnesses testified that the boat came to the dock with unusual violence. There was no exceptional weather or tide to make landing difficult. *Held*, that the evidence was sufficient to justify the submission of defendant's negligence to the jury.

2. SAME—CONTRIBUTORY NEGLIGENCE.
   In such case, the fact that plaintiff did not keep his seat until the boat moved to the dock, does not show such contributory negligence as to take the case from the jury.

Appeal from circuit court, Kings county.

Action by Joseph Snelling against the Brooklyn & New York Ferry Company. Plaintiff was a passenger on defendant's boat, and while the boat was attempting to enter its slip it struck against the side thereof. After the boat struck, plaintiff rose from his seat, when it again struck the slip, causing him to fall, and break his leg, which was the injury sued for. Judgment was entered on a verdict for plaintiff for $4,212.50, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*James & Thomas H. Tray,* for appellant. *Charles J. Patterson,* for respondent.

PRATT, J. The case presents but two questions,—whether plaintiff was guilty of contributory negligence, and whether there was sufficient evidence of defendant's negligence to carry the case to the jury. We find no controlling evidence of contributory negligence. The fact that plaintiff did not keep his seat till the boat was safely moored to the dock cannot be regarded as such evidence of negligence as to take the case from the jury. Their verdict in plaintiff's favor cannot be interfered with. We think there was some evidence of defendant's negligence. The witnesses testified that the trip was a quiet one; that there was no such exceptional weather or tide as to make landing difficult or dangerous. Several witnesses testified that the boat came to the dock with a violence not previously seen by passengers who had traveled by the ferry for years. Upon that evidence we cannot say the jury rendered an improper verdict. The charge was as favorable to defendant as it could reasonably be made. Judgment affirmed, with costs.