90h 560
52ad579
90h 560
56ad477

SILAS W. HEATH, Respondent, *v.* THE GLENS FALLS, SANDY HILL
AND FORT EDWARD STREET RAILROAD COMPANY, Appellant.

*Personal injuries — a failure to exercise the best judgment in an emergency is not
contributory negligence.*

Where a person is placed in peril by the negligence of another he is not charge-
able with contributory negligence if, in the sudden emergency, he fails to exer-
cise the best judgment.

If his action was induced by the negligent acts of another, such other party is
not excused; unless the action was utterly unjustifiable or inexcusable under
the circumstances, in which case the injured person has been guilty of such
contributory negligence as will prevent a recovery.

APPEAL by the defendant, The Glens Falls, Sandy Hill and Fort
Edward Street Railroad Company, from a judgment of the Supreme
Court in favor of the plaintiff, entered in the office of the clerk of
the county of Warren on the 20th day of June, 1895, upon the ver-
dict of a jury rendered after a trial at the Warren Circuit, and also
from an order entered in said clerk's office on the 28th day of June,
1895, denying the defendant's motion for a new trial made upon
the minutes.

*Edward W. Douglas,* for the appellant.

*James H. Bain,* for the respondent.

PUTNAM, J.:

This is an appeal from a judgment in favor of the plaintiff, entered
in the clerk's office of Warren county on the 20th day of June, 1895,
on a verdict of a jury, and from an order denying a motion on the
minutes of the court to set aside the verdict and for a new trial upon
exceptions, and because the verdict is contrary to the evidence.
Plaintiff brought the action to recover for the loss of the services,
comfort and society of his wife, Jane Heath, and for expenses for
medical services rendered necessary by reason of certain injuries
inflicted upon her by reason of the alleged negligence of defendant.

Plaintiff and his wife were passengers on a car of defendant's on
the night of August 24, 1894, at which time a collision occurred
between said car and another running on the same track in an oppo-
site direction. The night was dark and there were no lights. Plain-

tiff's wife, on seeing the danger of the impending ·collision, arose for the purpose of escaping from the car, was thrown out and injured.

For such injury she commenced an action against defendant and recovered a judgment. On the appeal from that judgment we considered, on evidence substantially the same as that in the case under consideration, the questions as to the negligence of defendant and the alleged contributory negligence of plaintiff's wife, and determined that on such evidence those questions were properly submitted to the jury by the trial judge, and that the verdict of the jury would not be disturbed. (See 86 Hun, 620.)

Hence it will be unnecessary for us, at this time, to consider those portions of the brief of the learned counsel of appellant devoted to the discussion of the questions raised by him as to the alleged failure of plaintiff to show actionable negligence on the part of defendant which caused the injury to Jane Heath, and as to her alleged contributory negligence.

An opinion in the case, therefore, seems unnecessary. We only deem it proper to consider briefly some of the exceptions taken by the defendant on the trial to the charge of the judge.

It is claimed that the trial judge erred in charging as follows: "The law is that where a defendant is liable for damages caused by its negligence, it is not excused because the plaintiff or the person injured did an act which, upon further reflection, is seen to have been unwise or unnecessary, provided that act was caused by the peril in which the person was placed, or seemed to be placed. That is to say, if there is an impending collision between two cars, or seems to be, a person is not obliged to sit in his seat and await the result. He must act according to his own nature. If he is frightened he will act as a frightened man will act, and you are not to hold a person who is placed by the negligence of another in imminent peril, to that cool and dispassionate action which you, in looking back upon the event, shall judge to have been wiser than the action which the person frightened and placed in peril, and acting under the impulse induced by that peril, did actually perform.

"So that if you find that Mrs. Heath jumped from this car, or moved towards the side of the car, you will consider whether her

acts were induced by the negligent acts of the defendant. If they were induced by the negligent acts of the defendant, then the defendant is not excused because she acted unwisely. If they were induced solely by her own foolishness or stupidity; if they were utterly unjustifiable or inexcusable under the circumstances, then of course the fault is her own, and the consequence must fall upon her, or upon her husband in this action, and cannot be placed upon the defendant." And also in refusing to charge as requested, to wit: "That any act on the part of plaintiff's wife, done under the impulse of a sudden emergency, or the access of fear or excitement, and contributing to the injury, must be imputed to her as negligence, unless such act was such as a person of ordinary prudence would have done under the same circumstances."

We think the portion of the charge above quoted fairly states the well-settled doctrine that one placed suddenly by another in a position of peril is not to be deemed guilty of contributory negligence for a failure to exercise the best judgment in the emergency. (*Buel* v. *N. Y. C. R. R. Co.*, 31 N. Y. 314; *Roll* v. *Northern Central Ry. Co.*, 15 Hun, 496; 80 N. Y. 647; *Voak* v. *Northern Central Ry. Co.*, 75 id. 320; *Coulter* v. *American Merchants' Un. Ex. Co.*, 56 id. 585; *Twomley* v. *C. P., N. & E. R. R. R. Co.*, 69 id. 158.)

But were it otherwise, no exception appears to have been taken by the appellant to the above-quoted portion of the charge.

Nor was any valid exception taken by the defendant to the refusal of the judge to charge as requested by it in the seventh request above quoted. The general exception of defendant at the end of the trial was to the court's refusal to charge in the language stated, and to its modification of the respective requests as stated. Such a general exception, it is well settled, is unavailing. (*Haggart* v. *Morgan*, 5 N. Y. 422; *Harwood* v. *Keech*, 4 Hun, 389–392; *Schelley* v. *Diehl*, 13 Wkly. Dig. 228; *Pinedo* v. *Germania Smelting & Refining Works*, 22 id. 21.)

We think the court did not err in declining to charge as requested by defendant in the seventh request, or in either of the other requests made by defendant and referred to in the brief of its counsel. The trial judge had fairly instructed the jury as to the law applicable to the case, and upon the subjects referred to in such

requests, and his refusal to instruct the jury in the particular language requested cannot be deemed error. (*Holbrook* v. *The Utica & Schenectady R. R. Co.*, 12 N. Y. 236.)

But if otherwise, there was, as we have seen, no valid exception taken by the defendant to any of the refusals of the judge to charge as requested.

We have carefully examined and considered each exception to the rulings of the court in receiving and excluding evidence, adverted to by counsel for appellant, and conclude that none of the rulings so excepted to require a discussion or a reversal of the judgment.

The judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs.