conclude the contractor as to the fact of violation.   It was not a de-
termination of a judicial character within the meaning of the law.
It was action by one party to a contract preparatory to assertion by
it of its rights under the contract.   The review of such action is not
the province of the remedy by certiorari.   "The writ of certiorari
is appropriate only to review the judicial action of inferior courts,
or public officers or bodies exercising judicial functions.   It is not
available to review the action of a public officer or body, which is
merely legislative, executive, or administrative, although it may in-
volve the exercise of discretion."   People v. Board of Sup'rs of Queens
Co., 131 N. Y. 468, 30 N. E. 488.   The action of the board was not,
I think, reviewable by certiorari, and the writ should, for that rea-
son, be quashed.   It is therefore not necessary to consider the other
questions raised.

Writ of certiorari quashed, without costs, upon the ground that
the action of the board complained of is not reviewable by certiorari.
All concur.

---

### DOLL v. LEHIGH VAL. R. CO.

(Supreme Court, Appellate Division, Fourth Department.   May Term, 1900.)

1. NEGLIGENCE—EVIDENCE—NONSUIT.
    In an action by plaintiff for the death of her husband the evidence on
    her part tended to show that at the time of the accident the engineer in
    charge of defendant's engine, which was being run through one of the
    streets of the city, was not watchful, but stood facing in a direction dif-
    ferent from that in which his engine was moving; that he did not know
    of the accident until he was later told of it by a bystander, and that the
    engine was moving at such a rate that it could have been almost instantly
    stopped by using the emergency brake.   *Held*, that the question of negli-
    gence on defendant's part should have been submitted to the jury, and
    hence an order granting a nonsuit was error.

2. CONTRIBUTORY NEGLIGENCE.
    The fact that deceased, when his horse took fright and ran in front of
    a moving engine on defendant's tracks, retained his hold on the reins,
    and was thus dragged in front of the engine and killed, does not, as a
    matter of law, constitute contributory negligence.

Appeal from trial term, Erie county.

Action by Lottie Doll, administratrix of Joseph Doll, deceased,
against the Lehigh Valley Railroad Company, for negligently caus-
ing the death of her husband.   From a judgment of nonsuit and an
order denying a motion for a new trial, plaintiff appeals.   Reversed.

Scott street is one of the public streets in the city of Buffalo, and upon the
surface thereof the defendant operates a double-track steam railway at grade.
The street runs east and west, and upon either side of the defendant's
tracks is a paved roadway which is about 10 feet in width, and in constant
use.   The plaintiff's intestate, Joseph Doll, was employed at Holmes' Mills
as a driver, and in the early morning of June 18, 1899, he was seen to come
out of a driveway upon the north side of Scott street, on foot, driving a horse
unattached to any vehicle.   As he came upon the street, a locomotive drawing
a single car was moving backward in a westerly direction upon the northerly
track of the defendant's road.   When Doll reached the end of the driveway,
he turned his horse to the west, and started to drive in that direction upon
the right-hand side of Scott street.   At this time the engine was east of the

,driveway, but very soon the horse became frightened at the noise caused by its approach, and, after making several jumps and plunges, dashed upon the .railroad track some 10 or 15 feet ahead of the engine. Doll, in his effort to .control and manage the horse, retained his hold of the reins, and followed on behind for some 25 or 30 feet, when he, was struck by the locomotive, and al- .most instantly killed. About 450 feet east of the driveway Scott street is intersected and crossed by Chicago street, and about 220 feet west of the ,driveway by East Market street. Between these two streets the defendant's tracks are perfectly straight, and there are no intervening objects to obstruct .the view.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-LIAMS, and LAUGHLIN, JJ.

Eugene M. Bartlett, for appellant.
Martin Carey, for respondent.

ADAMS, P. J. The learned counsel have attempted to fortify their .respective contentions in this case by a liberal citation of authorities, which tend, as it is claimed, to establish the law applicable to actions ,of negligence arising out of circumstances similar to those which we .have detailed; but it does not require a very close or critical exam- ination of these authorities to make it perfectly evident that, aside .from certain well-settled general principles, it is practically impos- .sible in cases of this character to lay down any rule of unvarying and universal application. It may be said, by way of illustration, that .a railroad company must at all times and in all places exercise a rea- sonable degree of care in the management of its business, and espe- cially in the propulsion of its engines and cars. But what would .answer this requirement of the law in one place, and under certain conditions, might amount to negligence almost bordering upon reck- lessness in another place, and under different circumstances. In short, .as has been so often asserted, no hard and fast rule can be invoked which will fit all cases, and this is a fact which may well be borne in mind in connection with the consideration of the case under re- view. It is conceded by the plaintiff that the defendant was right- fully upon Scott street, and entitled to operate its railroad through the center thereof; and, upon the other hand, we assume that it will not be for a moment denied that the plaintiff's intestate had an equal ,right to be in the street, and to use it for the very purpose for which he was using it at the time he met his death. But while this priv- ilege was common to both parties, it carried with it a duty which was :reciprocal in its nature, and obligatory upon each. In other words, the defendant had no right to run its locomotives and cars through the street at such a rate of speed, or in such a reckless or careless ·manner, as to endanger human life; and the plaintiff's intestate had no right to interfere in any manner with the passage of the defend- .ant's engines and cars over the street, or to walk or drive over and upon its tracks regardless of the danger which might reasonably be .apprehended from an approaching train. Whether or not this obliga- tion was fully met and actually fulfilled by the respective parties in ·the present instance was the real question in the case, and it was one which, under all the circumstances, we are inclined to think should .have been submitted to the jury. Scott street, it seems, is "in the

heart" of a large and thriving city; and, being located in the vicinity of a market, it is a thoroughfare much traveled. It goes without saying, therefore, that the defendant was bound to exercise a high degree of care in its use (Wendell v. Railroad Co., 91 N. Y. 420–429), and, if it fell short of fulfilling this duty in the management of its engine upon the occasion in question, it was liable for the consequences which resulted solely by reason of such omission. The evidence upon the part of the plaintiff tends to show that the engineer in charge of this engine, instead of keeping a watchful eye upon the street and track in front of his moving engine, stood facing the east; and it is undisputed that he did not at any time see Doll or his horse, and in fact did not know that an accident had happened until notified thereof by a person upon the street. Moreover, it appears that Doll was not struck until his horse had dragged him some 25 or 30 feet along the track upon which the engine was approaching; that the engine was moving along at such a rate of speed that it could have been stopped almost instantly if the emergency brake had been applied, and that it was actually thus stopped when the engineer learned what had occurred. We do not wish to be understood as intimating that it is the duty of a railroad company to stop its trains every time a horse is driven along a highway by the side of them, or is attempting to cross in front of them, even though the animal may show signs of fright, and appear unmanageable; but what we do say is that an engineer who is operating a locomotive upon the surface of a street in a populous city is under some obligation to be watchful of his surroundings, and careful to keep his engine under such control that he may be able to stop it in the shortest possible time in such an emergency as presented itself upon the occasion in question. Upon the evidence disclosed in the record before us, we think a jury might have found that this was not done, and that, had it been done, the accident might, and probably would, have been avoided.

So far as the remaining question is concerned, we fail to see how it can be said, as matter of law, that the plaintiff's intestate was guilty of contributory negligence. As has already been stated, he was rightfully upon the street with his horse, and when the latter took fright he was not bound to drop the reins, and let him go. Indeed, it may be said that it was his duty to endeavor by all reasonable and proper means to guide and control him; and when the horse plunged upon the track, dragging his driver after him, it was not required of the latter that he should exercise the most perfect judgment in the face of the danger which confronted him. The law is not so exacting as this, but it declares that in such circumstances it is for the jury to determine whether a person acts negligently or otherwise. Heath v. Railroad Co., 90 Hun, 560–562, 36 N. Y. Supp. 22; Smith v. Railroad Co., 4 App. Div. 493, 38 N. Y. Supp. 666, 39 N. Y. Supp. 1119. Our conclusion of the whole matter therefore is that the nonsuit was improperly granted, and that the judgment and order appealed from should be reversed.

Judgment and order reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.