It follows that the order appealed from should be reversed and the proceedings dismissed.

McLAUGHLIN, J., concurred.

Appeal dismissed.

---

STEPHEN CASH, JR., an Infant, by CHARLES W. COLEMAN, his Guardian ad Litem, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Negligence — a ferry boat striking its slip with such force that a passenger is thrown down by other passengers being thrown against him — proximate cause — extraordinary character of the accident.*

A finding of negligence on the part of a corporation operating a ferry boat is sustained by evidence that in entering a slip when no unusual conditions of wind or tide were present, the boat struck the north side of the rack with such violence, harder than was either usual or necessary, as to throw a passenger to the deck flat upon his back; that it then careened so that the side upon which the passenger was lying was lower than the other side, and that he slipped through the open space in a part of the vessel known as a cleat in such manner that when the boat, after striking the north side of the rack, was thrown over towards and struck the south side, his foot was caught between the vessel and the slip, and so injured it as to require amputation.

The fact that the passenger was thrown down by the surging of other passengers who lost their equilibrium through the force of the impact did not preclude the jury from finding that the negligent act of the ferry company was the proximate cause of the accident.

The extraordinary character of the accident does not relieve the ferry company from liability to the passenger.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 16th day of August, 1900, upon the verdict of a jury for $5,000, and also from an order entered in said

clerk's office on the 14th day of August, 1900, denying the defendant's motion for a new trial made upon the minutes.

The action was brought to recover damages for personal injuries sustained by the plaintiff, a boy six years of age, through the alleged negligence of the defendant in the operation of a ferry boat plying between West Forty-second street in the city of New York and Weehawken, in the State of New Jersey, on which the boy, his mother and a sister, about three years old, were passengers. The accident happened while the boat was entering the slip on the New Jersey side, and the testimony of the plaintiff's witnesses tends to show that by reason of the negligent operation and management of the boat it struck with such violence against the north side of the rack of the slip that plaintiff was thrown to the deck flat upon his back; that the boat careened so that the side upon which plaintiff was standing was lower than the other side, and in some manner the plaintiff slipped through the open space in a part of the vessel known as a cleat, in such manner that when the boat after striking the north rack was thrown over towards and struck the south rack it caught the tip of the foot between the vessel and the slip, and so injured it that it had to be amputated between the ankle and the knee.

It appears that there were no conditions of wind or tide at the time of the occurrence to occasion any unusual impact of the vessel with the sides of the slip. It was a fine clear day and the trip an ordinary one.

The plaintiff's mother testified that she reached the ferry house on the New York side at about four o'clock in the afternoon and went immediately on the boat, passing through the ladies' cabin to the front deck, where she stood beside the rail just in front of the hood, holding the boy and his sister by the hand; that as the boat entered the ferry slip they were all facing towards the ferry house, she still holding the children's hands, the boy on her left, alongside the rail; that he at no time stood or sat upon the iron cleat fastened to the deck beside which they were standing; that the boat on entering the slip struck the north side of the slip a very hard blow, harder than she had ever experienced before, although she had crossed this ferry many times; that she had difficulty in keeping her own balance and the blow threw the other passengers forward against the boy and he fell, breaking his hold of her hand, and as he fell

or after he lay on his back before he could rise his foot went on the outside of the boat, and before it could be withdrawn the boat struck the south side of the slip and caught his foot between the boat and the slip ; that the boy's right leg went through the hole or opening in the iron cleat out to the side of the boat ; that the boat struck the north side of the slip with unusual and " terrific " force and rebounded and struck the south side ; other witnesses testified that the force of these impacts was very much greater than they had ever observed before upon this line, where they were accustomed to cross.

It is conceded that the plaintiff and his mother had a right to stand upon the deck of the vessel where they did, and that the loss of the plaintiff's right leg from a point about four inches below the knee joint was the result of the injuries sustained by the plaintiff upon the defendant's ferry boat. The facts as testified to by the plaintiff's witnesses are practically uncontradicted, except the alleged unusual and violent impact of the boat against the rack, and the exact manner in which the injury was received, the attempt being made to controvert the testimony on the latter point by demonstrating that it was a physical impossibility that the leg should have passed through the cleat and the foot have extended far enough to come in contact with the slip or rack outside the boat, the theory of the defendant being that the injury could not have been received in the manner alleged or according to the theory of the plaintiff, to which theory he must be held upon this appeal ; and that defendant's alleged negligence was not, therefore, the proximate cause of the accident.

*Herbert E. Kinney*, for the appellant.

*Nathan Ottinger*, for the respondent.

HATCH, J. :

We think that the evidence in this case was sufficient to establish the negligence of the defendant. There were no circumstances existing, either of wind or tide, which made the management of the boat difficult, and there existed no obstructions or extraneous conditions which prevented the boat from entering its slip in the usual manner ; therefore, when it appeared, as the evidence tends to show,

that the boat was so managed in entering the slip as to make the impact with the rack much harder than was either usual or necessary, if such act caused the injury of which complaint is made, a sufficient basis exists upon which to found a recovery.

The accident itself was quite unusual and in many respects extraordinary. That it happened, however, and that the boy lost his leg as a result of it exists as a fact, and if the defendant's act be the proximate cause of it, every element will exist upon which to base liability. It is the claim of the defendant that upon the facts, as narrated by the plaintiff's witnesses, it was a physical impossibility that the boy's leg should have been caught between the guard of the boat and the rack, and that for this reason the case is brought within the rule enunciated in *Hunter* v. *N. Y., O. & W. R. R. Co.* (116 N. Y. 615) and kindred cases. There can be no doubt that if such be the fact, no liability attaches. The difficulty with this class of cases lies in the fact that in demonstration of physical impossibility stress is laid upon a particular fact, and with this as a hypothesis is built up the demonstration. In the present case the witnesses testify that the boy fell between the cleat and the rail, that his foot passed through the hole in the cleat, and with this as a basis it is insisted that but one leg passed through the opening, in consequence of which the boy's leg could pass no further through than his crotch; measurements of the leg are then given which result in showing that the distance from the point where he must have stopped, if only one leg passed through the cleat, to the edge of the boat is seven and one-half inches greater than the measurement of the leg; therefore, it is argued, he could not have been caught between the boat and the rack. But he was caught, and the futility of the demonstration is shown when it appears that in some manner the boy had passed outside of the rail of the boat as it was at this point that he was picked up after his foot had been crushed.

It is quite evident that the plaintiff is not to be held to the statement of any particular witness as to just how the accident happened, or be defeated in his right to recover because all do not agree. The averment of the complaint upon this subject is in the most general terms, and the proof is somewhat at variance. This left the question of harmonizing the evidence to account for the accident with the jury. They could find that the force with which the boat struck the

slip threw the boy down and predicate the negligence of the defendant thereon; they also had the right to find that in some manner the boy passed through the open space, which existed at that point, sufficiently far so that his foot came between the edge of the boat and the rack. In this respect we think that the evidence may be so harmonized with the fact of the accident and do no violence to any legal rule. (*Snelling* v. *Brooklyn & N. Y. Ferry Co.*, 13 N. Y. Supp. 398; affd. on appeal, 128 N. Y. 579.)

It is said that the negligence of the defendant, even though such negligence be conceded, was not the proximate cause of the accident. This claim proceeds upon the theory that it was not the blow that threw the boy down, but the surging of the people against him. This was a question of fact for the jury, and it would be equally a proximate cause if the force of the blow caused the people to lose their equilibrium and fall against the boy, when by proper management of the boat this would not have occurred. (*Lyle* v. *Manhattan Ry. Co.*, 6 N. Y. Supp. 325; affd. on appeal, 127 N. Y. 668.) The blow was followed by the swaying of the people; as a natural consequence, the fall of the boy followed in continuous succession, and one was so linked with the other as to cause a natural whole. The producing cause of the whole was the blow, and it is, therefore, the proximate cause. (*Milwaukee & St. Paul R. Co.* v. *Kellogg*, 94 U. S. 469; *Ehrgott* v. *Mayor*, 96 N. Y. 264.) What the boy did after the fall in the endeavor to regain his feet cannot be held to be either an act of negligence or as destructive of the act of the defendant as a proximate cause. An instinctive effort to avoid danger does not avail to shield a wrongdoer responsible for the position in which the person has been placed unless such act was utterly inexcusable and unjustifiable. (*Coulter* v. *American Merchants' Union Express Co.*, 56 N. Y. 585; *Heath* v. *Glens Falls R. R. Co.*, 90 Hun, 560.)

Nothing which appears in this case relieves the defendant from the application of the general rule. The accident, as we have observed, was somewhat extraordinary in character, and it is, therefore, urged that it was not within reasonable anticipation that such an accident would be likely to happen. The defendant, while bound to exercise the highest degree of care for the protection of passengers, is nevertheless not an insurer of their safety; for an acci-

dent which had never before occurred, and which could not be said to be within reasonable contemplation, it would not be responsible. As we view this case, however, such rule has no application. The last case which discusses this rule of law in the Court of Appeals is *McGrell* v. *Buffalo Office Bldg. Co.* (153 N. Y. 265), and as it reviews all the preceding cases it is not necessary to refer to them. In that case, as in all the others, the negligence charged was a claimed defect in the thing used (in that case an elevator) at the time the injury was received. The cases did not involve an affirmative act of negligence in the manner of use of the thing. And in each one, therefore, it was held that as negligence could not be predicated of the thing itself no negligence was shown. In the case at bar no complaint is made of negligence in the construction of the boat; that was perfect of its kind. The negligence charged is in the manner of its use. A street car may be perfectly constructed and yet if its management be negligent, whereby injury is sustained, liability results, however extraordinary the character of the injury. So the management of the boat being negligent, the defendant became liable for such injuries as were the proximate results of its acts, no matter how extraordinary such results were. The principle of both classes of cases is the same. In the case of a defective instrument negligence cannot be predicated, unless the defect is of such a character that injury therefrom in its use might be reasonably apprehended, and in fact happened from such use. In the case of negligent use, the vice is not in the thing used, but in the negligent operation of it by which injury results as a proximate cause. In the present case the injury was the proximate result of the negligent manner in which the ferry boat was run into the slip, and as the jury have found this fact, the extraordinary manner in which the negligence operated is of no consequence as it does not relieve the defendant from liability.

There are no other questions which require discussion, and, as we conclude that no error was committed, the judgment and order should be affirmed, with costs.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment and order affirmed, with costs.