CASH v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, First Department.   December 31, 1900.)

1. CARRIERS—NEGLIGENCE—EVIDENCE.
    A ferryboat, entering her slip, struck the rack of the slip with unusual force, and plaintiff, a boy of 6 years, was thrown down by the careening of the vessel, or by the surging against him of other passengers who had lost their equilibrium, and slipped through a hole in an iron cleat fastened to the deck, so that his foot projected under the rail, and was crushed be-tween the boat and the rack. There were no circumstances of wind or tide which made the management of the boat difficult. *Held*, the evidence was sufficient to warrant a recovery.

2. SAME—EVIDENCE.
    A verdict for plaintiff would not be disturbed because it appeared the distance from the inside of the cleat was greater than the length of plain-tiff's leg, there being positive evidence that plaintiff slipped through the opening, and the foot was crushed between the boat and the guard.

3. SAME—QUESTION FOR JURY.
    The question whether he was thrown down by the blow or by passen-gers surging against him was for the jury.

4. SAME—PROXIMATE CAUSE.
    Though he was thrown down by other passengers pressing against him, having lost their equilibrium because of the careening of the vessel, the force of the blow was the proximate cause of the injury.

5. SAME—CONTRIBUTORY NEGLIGENCE.
    Movements of plaintiff, in an endeavor to regain his feet, could not be held an act of negligence.

6. SAME—UNUSUAL INJURY.

The cause of the injury having been an affirmative act of negligence, the carrier could not escape liability on the ground that the accident was extraordinary, and not within reasonable anticipation.

Appeal from trial term, New York county.

Action by Stephen Cash, Jr., against the New York Central & Hudson River Railroad Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

The action was brought to recover damages for personal injuries sustained by the plaintiff, a boy 6 years of age, through the alleged negligence of the defendant in the operation of a ferryboat plying between West Forty-Second street, in the city of New York, and Weehawken, in the state of New Jersey, on which the boy, his mother, and a sister about 3 years old were passengers. The accident happened while the boat was entering the slip on the New Jersey side, and the testimony of the plaintiff's witnesses tends to show that, by reason of the negligent operation and management of the boat, it struck with such violence against the north side of the rack of the slip that plaintiff was thrown to the deck flat upon his back; that the boat careened so that the side upon which plaintiff was standing was lower than the other side, and in some manner the plaintiff slipped through the open space in a part of the vessel known as a "cleat," in such manner that when the boat, after striking the north rack, was thrown over towards and struck the south rack, it caught the tip of the foot between the vessel and the slip, and so injured it that it had to be amputated between the ankle and the knee. It appears that there were no conditions of wind or tide at the time of the occurrence to occasion any unusual impact of the vessel with the sides of the slip. It was a fine, clear day, and the trip an ordinary one. The plaintiff's mother testified that she reached the ferry house on the New York side at about 4 o'clock in the afternoon, and went immediately on the boat, passing through the ladies' cabin to the front deck, where she stood beside the rail, just in front of the hood, holding the boy and his sister by the hand; that as the boat entered the ferry slip they were all facing towards the ferry house, she still holding the children's hands, the boy on her left, alongside the rail; that he at no time stood or sat upon the iron cleat fastened to the deck beside which they were standing; that the boat, on entering the slip, struck the north side of the slip a very hard blow,— harder than she had ever experienced before, although she had crossed this ferry many times; that she had difficulty to keep her own balance, and the blow threw the other passengers forward against the boy, and he fell, breaking his hold of her hand, and as he fell, or after he lay on his back, before he could rise, his foot went on the outside of the boat, and before it could be withdrawn the boat struck the south side of the slip, and caught his foot between the boat and the slip; that the boy's right leg went through the hole or opening in the iron cleat, out to the side of the boat; that the boat struck the north side of the slip with unusual and "terrific" force, and rebounded and struck the south side. Other witnesses testified that the force of these impacts was very much greater than they had ever observed before upon this line, where they were accustomed to cross.

It is conceded that the plaintiff and his mother had a right to stand upon the deck of the vessel where they did, and that the loss of the plaintiff's right leg from a point about four inches below the knee joint was the result of the injuries sustained by the plaintiff upon the defendant's ferryboat. The facts as testified to by the plaintiff's witnesses are practically uncontradicted, except the alleged unusual and violent impact of the boat against the rack, and the exact manner in which the injury was received; the attempt being made to controvert the latter by demonstrating that it was a physical impossibility that the leg should have passed through the cleat and the foot have extended far enough to come in contact with the slip or rack outside the boat; the theory of the defendant being that the injury could not have been received in the manner alleged, or according to the theory of the plaintiff, to which theory he must

be held upon this appeal, and that defendant's alleged negligence was not, therefore, the proximate cause of the accident.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Herbert E. Kinney, for appellant.
Nathan Ottinger, for respondent.

HATCH, J.  We think that the evidence in this case was sufficient to establish the negligence of the defendant.  There were no circumstances existing, either of wind or tide, which made the management of the boat difficult, and there existed no obstructions or extraneous conditions which prevented the boat from entering its slip in the usual manner.  Therefore, when it appeared, as the evidence tends to show, that the boat was so managed in entering the slip as to make the impact with the rack much harder than was either usual or necessary, if such act caused the injury of which complaint is made, a sufficient basis exists upon which to found a recovery.  The accident itself was quite unusual, and in many respects extraordinary.  That it happened, however, and that the boy lost his leg as a result of it, exists as a fact, and, if the defendant's act be the proximate cause of it, every element will exist upon which to base liability.  It is the claim of the defendant that, upon the facts as narrated by the plaintiff's witnesses, it was a physical impossibility that the boy's leg should have been caught between the guard of the boat and the rack, and that for this reason the case is brought within the rule enunciated in Hunter v. Railroad Co., 116 N. Y. 615, 23 N. E. 9, 6 L. R. A. 246, and kindred cases. There can be no doubt that, if such be the fact, no liability attaches. The difficulty with this class of cases lies in the fact that in demonstration of physical impossibility stress is laid upon a particular fact, and with this as a hypothesis is built up the demonstration. In the present case the witnesses testify that the boy fell between the cleat and the rail, and that his foot passed through the hole in the cleat, and with this as a basis it is insisted that but one leg passed through the opening, in consequence of which the boy's leg could pass no further through than his crotch.  Measurements of the leg are then given, which result in showing that the distance from the point where he must have stopped, if only one leg passed through the cleat, to the edge of the boat, is 7½ inches greater than the measurement of the leg.  Therefore, it is argued, he could not have been caught between the boat and the rack.  But he was caught, and the futility of the demonstration fails when it appears that in some manner the boy had passed outside of the rail of the boat, as it was at this point that he was picked up after his foot had been crushed.

It is quite evident that the plaintiff is not held to the statement of any particular witness as to just how the accident happened, or be defeated in his right to recover because all do not agree.  The averment of the complaint upon this subject is in the most general terms, and the proof is somewhat at variance.  This left the question of harmonizing the evidence to account for the accident

with the jury. They could find that the force with which the boat struck the slip threw the boy down, and predicate the negligence of the defendant thereon. They also had the right to find that in some manner the boy passed through the open space, which existed at that point, sufficiently far so that his foot came between the edge of the boat and the rack. In this respect we think that the evidence may be so harmonized with the fact of the accident, and do no violence to any legal rule. Snelling v. Ferry Co. (Sup.) 13 N. Y. Supp. 398, affirmed on appeal 128 N. Y. 579, 28 N. E. 250.

It is said that the negligence of the defendant, even though such negligence be conceded, was not the proximate cause of the accident. This claim proceeds upon the theory that it was not the blow that threw the boy down, but the surging of the people against him. This was a question of fact for the jury, and it would be equally a proximate cause if the force of the blow caused the people to lose their equilibrium and fall against the boy, when by proper management of the boat this would not have occurred. Lyle v. Railroad Co. (Sup.) 6 N. Y. Supp. 325, affirmed on appeal 127 N. Y. 668, 28 N. E. 254. The blow was followed by the swaying of the people. As a natural consequence, the fall of the boy followed in continuous succession, and one was so linked with the other as to cause a natural whole. The producing cause of the whole was the blow, and it is therefore the proximate cause. Railway Co. v. Kellogg, 94 U. S. 469, 24 L. Ed. 256; Ehrgott v. Mayor, etc., 96 N. Y. 264. What the boy did after the fall, in the endeavor to regain his feet, cannot be held to be either an act of negligence or as destructive of the act of the defendant as a proximate cause. An instinctive effort to avoid danger does not avail to shield a wrongdoer responsible for the position in which the person has been placed, unless such act was utterly inexcusable and unjustifiable. Coulter v. Express Co., 56 N. Y. 585; Heath v. Railroad Co., 90 Hun, 560, 36 N. Y. Supp. 22.

Nothing which appears in this case relieves the defendant from the application of the general rule. The accident, as we have observed, was somewhat extraordinary in character, and it is therefore urged that it was not within reasonable anticipation that such an accident would be likely to happen. The defendant, while bound to exercise the highest degree of care for the protection of passengers, is nevertheless not an insurer of their safety. For an accident which had never before occurred, and which could not be said to be within reasonable contemplation, it would not be responsible. As we view this case, however, such rule has no application. The last case which discusses this rule of law in the court of appeals is McGrell v. Building Co., 153 N. Y. 265, 47 N. E. 305, and, as it reviews all the preceding cases, it is not necessary to refer to them. In that case, as in all the others, the negligence charged was a claimed defect in the thing used (in that case an elevator) at the time the injury was received. The cases did not involve an affirmative act of negligence in the manner of use of the thing. And in each one, therefore, it was held that, as negligence could not be predicated of the thing itself, no negligence was shown. In the

case at bar no complaint is made of negligence in the construction of the boat, that was perfect of its kind. The negligence charged is in the manner of its use. A street car may be perfectly constructed, and yet if its management be negligent, whereby injury is sustained, liability results, however extraordinary the character of the injury. So, the management of the boat being negligent, the defendant became liable for such injuries as were the proximate results of its acts, no matter how extraordinary such results were. The principle of both classes of cases is the same. In the case of a defective instrument, negligence cannot be predicated, unless the defect is of such a character that injury therefrom in its use might be reasonably apprehended, and in fact happened, from such use. In the case of negligent use, the vice is not in the thing used, but in the negligent operation of it, by which injury results as a proximate cause. In the present case the injury was the proximate result of the negligent manner in which the ferryboat was run into the slip, and, as the jury have found this fact, the extraordinary manner in which the negligence operated is of no consequence, as it does not relieve the defendant from liability.

There are no other questions which require discussion, and, as we conclude that no error was committed, the judgment and order should be affirmed, with costs. All concur.